Nicholson, C. J.,
delivered the opinion of the court.
Plaintiff sues defendant on two due bills, for $500 each, made by defendant to plaintiff’s intestate, S. T. Morgan, dated New York, December 11, 1866, and payable the 1st of May, 1867, and the 1st of June, 1867, out of rents to be collected at those dates.
The defense relied on, is payment.
It appears that Andrews, a citizen of New York, being the owner of valuable real estate in Memphis, Tenn., employed Morgan to act as his agent in superintending his property, collecting rents, attending *117 to repairs, etc. Morgan acted in this capacity for many years previous to December 11, 1866. When upon a settlement, Andrews executed to him five due bills, each for $500, payable the 1st of February, March, April, May, and June, out of the rents to be collected by Morgan at those several dates. Morgan continued to act as agent until the 3d of July, 1867, when he died. Before his death he had received payment of three of the due bills, which he had forwarded to Andrews. After Morgan’s death, his administrator found among his papers the two due bills sued on. Andrews refused to pay them, insisting that they had been paid in the lifetime of Morgan. Under the charge of the court below, the jury found that defendant had paid the two due bills, but that'; he was indebted to plaintiff in the sum of $275, for services from the 1st of June, 1867, to his death, on the 3d of July, 1867.
The first error assigned by plaintiff for a reversal is, that the court permitted defendant to read as evidence an account of James J. Andrews with the Peoples Bank, which set out various deposits in the bank to the credit of Andrews, and various checks upon which the money had been paid out. As far as appears on the face of this account, there is nothing which is relevant to the issue in the present case. But the account might be made competent and relevant, by proof showing that Morgan and others made deposits to the credit of Andrews, for rents collected, and that Morgan, as Andrews’ agent, had checked out the money so deposited. In this light, there was no *118 error in permitting the account to be read, subject to the making oí other proof which might make it competent, as a circumstance legitimate to be considered on the question of payment.
The next error relied on by plaintiff, is in that portion of the charge of the court which refers to the effect of drawing the money out of the bank by Morgan. This portion of the charge is as follows: “ If the testimony satisfies you that after these due bills,, or the due bills and accounts, were due, Morgan, as the agent of defendant, having control of defendant’s funds, drew out the funds of Andrews, or part of them, from the bank, where they were deposited by him for any purpose, the court charges you that the presumption is, that these due bills and account, or any of them so due when the money was drawn out, were paid, and unless this presumption is rebutted, your verdict will be for the defendant as to those items of plaintiff’s claim where this drawing out of funds took place after they were due.”
We know of no such presumption of law as is here given in charge to the jury. The most that could be said in the state of facts assumed was, that if Morgan, with the due bills or account over-due in his possession, drew out of the bank the funds of plaintiff, this fact would be a circumstance to be weighed by the jury in determining whether the money so drawn was appropriated in satisfaction of his own claim, or in payment for repairs on defendant’s property, or for transmission to' defendant. But the law would raise no presumption of payment; it would *119 throw upon him the burden of showing the purpose for which the money was drawn, and upon his failure to make the explanation, it would be a strong circumstance from which the jury might infer that he had used the money in satisfaction of his own claim. We think it probable that this was the idea which the Circuit Judge intended to communicate to the jury, but the manner of stating it was calculated to make a wrong impression on them, and to induce them to suppose that the simple fact of drawing' any money out of the bank was to be regarded by them as furnishing a' presumption in law of payment.
For this error the judgment is reversed.